

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDUARDO VILLANO DE JESUS,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER J. LAROSE, WARDEN AT THE OTAY MESA DETENTION CENTER, et al.,<br><br>                              Respondents. | Case No.: 26cv2958-LL-MMP<br><br>**ORDER GRANTING IN PART SECOND AMENDED PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**<br><br>[ECF No. 6] |

Before the Court is Petitioner Eduardo Villano De Jesus' Second Amended Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 requesting immediate release because he was arrested without an administrative warrant. ECF No. 6 ("Pet."). Respondents filed a Return in opposition to the Petition ("Ret.") in which they indicated that they "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)." ECF No. 7. Petitioner filed a Traverse in which he argued that the Government failed to address his request for immediate release because of the lack of an administrative warrant and, thus, he should be released rather than granted a bond hearing. ECF No. 8. The Court ordered the Government to respond to Petitioner's argument that he was arrested without an administrative warrant. ECF No. 9. The Government filed a Supplemental Brief

attaching an administrative warrant that was served upon Petitioner on November 3, 2025, the day that he was arrested. ECF No. 10, Ex. 1. The Government reiterated that "Respondents acknowledge that Petitioner appears to be a member of the Bond Eligible Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ---, 2025 WL 32288403 (C.D. Cal. Nov. 25, 2025)" and that "Respondents do not oppose an order from this Court directing a bond hearing to be held pursuant to 8 U.S.C. § § 1226(a)." ECF No. 10 at 2. For the reasons set forth below, the Court **GRANTS IN PART** the Second Amended Petition and **ORDERS** that Petitioner be given a bond hearing within **seven (7) days**.

## I.      LEGAL STANDARD

A court may grant a writ of habeas corpus to a petitioner who demonstrates to be "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *Hamdi v. Rumsfeld*, 542 U.S. 507, 536 (2004) (quoting *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001)). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001) ("Section 2441 habeas proceedings are available as a forum for statutory and constitutional challenges to post-removal-period detention."); *see also Lopez-Marroquin v. Barr*, 955 F.3d 759 (9th Cir. 2020) ("[D]istrict courts retain jurisdiction under 28 U.S.C. § 2241 to consider habeas challenges to immigration detention that are sufficiently independent of the merits of [a] removal order.").

## II.     ANALYSIS

Petitioner, a native of Mexico, entered the United States without inspection in 2001 and has since lived in New York. Pet. at 3; *see also* ECF No. 6-1, Decl. of Eduardo Villano de Jesus ("Jesus Decl.") ¶ 1. On November 2, 2025, Petitioner was arrested by U.S. Immigration and Customs Enforcement ("ICE") officers while he was walking to work. Pet. at 3; Jesus Decl. ¶ 2. The ICE officers drove by in an unmarked car and stopped and

asked Petitioner for documentation. Pet. at 3; Jesus Decl. ¶ 2. The ICE officers took Petitioner into custody and eventually took him to the Otay Mesa Detention Center, where he has been detained for nearly seven months. Pet. at 3; Jesus Decl. ¶ 2. Petitioner does not have any criminal convictions and has never been deported. Pet. at 3; Jesus Decl. ¶ 1. Petitioner states that "he has never been shown a warrant, and it appears he was arrested without one." Pet. at 10. However, in the Government's Supplemental Briefing filed on June 23, 2026, the Government states that "Petitioner was detained on November 3, 2025" and "[o]n the same day, Petitioner was served with an administrative warrant on November 3, 2025." ECF No. 10 at 2; *see also* Ex. 1. Since his detention in November 2025, Petitioner has not received a bond determination hearing. Jesus Decl. ¶ 4.

The Central District of California certified a class of which Petitioner was initially a member and essentially overruled *Yajure Hurtado*. *Maldonado Bautista v. Santacruz*, 813 F. Supp. 3d 1075 (C.D. Cal. 2025). Although the Ninth Circuit has stayed application of the class to any members outside the Central District of California, *Maldonado Bautista v. U.S. Dep't of Homeland Sec.*, No. 26-1044 (9th Cir. Mar. 6, 2026), this Court has previously held in multiple cases that it agrees with the court in *Maldonado Bautista* that an individual in Petitioner's situation is not subject to mandatory detention under Section 1225.

As a noncitizen who, at the time of his detention, had been living in the United States for over 25 years, Petitioner was and is subject to Section 1226(a). Section 1226(a) states in relevant part that a noncitizen "may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States." 8 U.S.C. § 1226(a). By contrast, Section 1225(b) applies to noncitizens arriving at the border or who very recently entered the United States. *See Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4-7 (S.D. Cal. Nov. 4, 2025). As the Supreme Court explained, the government may "detain certain [noncitizens] seeking admission into the country under Sections 1225(b)(1) and (b)(2)," while Section 1226(a) allows the government to "detain

26cv2958-LL-MMP

certain [noncitizens] *already in the country* pending the outcome of removal proceedings." *Jennings v. Rodriguez*, 583 U.S. 281, 289 (2018) (emphasis added).

For all of the reasons stated in its previous opinions on this issue, including but not limited to *Beltran v. Noem*, No. 25CV2650-LL-DEB, 2025 WL 3078837, at *4-7, the Court agrees Petitioner is entitled to a bond hearing before an Immigration Judge pursuant to § 1226(a). However, to the extent Petitioner requests immediate release because of the lack of an administrative warrant, the Court denies the request. The Government has presented evidence that Petitioner was provided with an administrative warrant on the same day that he was detained. ECF No. 10, Ex. 1.

## III.   CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.   Petitioner's Petition for Writ of Habeas Corpus is **GRANTED IN PART**.

2.   Respondents shall provide Petitioner with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) within **seven (7) days** of the date of this order (unless Petitioner requests a continuance).

    a.   At any such hearing, the immigration judge **SHALL NOT** deny Petitioner bond on the basis that 8 U.S.C. § 1225(b)(2) requires mandatory detention.

    b.   The immigration judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate. *See Hernandez v. Sessions*, 872 F.3d 976, 990–91 (9th Cir. 2017).

    c.   Respondent **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel. *See Martinez v. Clark*, 124 F.4th 775, 786 (9th Cir. 2024) (citing *Singh*, 638 F.3d at 1200).

///

///

///

3.    The Clerk of Court shall enter judgment in Petitioner's favor and close this case.

**IT IS SO ORDERED**.

Dated:  June 24, 2026

_____
Honorable Linda Lopez
United States District Judge

26cv2958-LL-MMP